## J. R. BOYD v. THE STATE.

### *No. 6667. Decided May 21.*

**Intimidation, etc.—Evidence.**—This prosecution was maintained upon an information which, in substance, charged that the accused, by intimidation, etc., unlawfully prevented one C. from removing a fence, the property of C., and situated on C.'s land. The proof shows that the true location of the boundary line between the adjoining lands of the accused was the subject matter of dispute between them, and that the accused refused to permit C. to remove and rebuild the division fence until the division line between their said lands had been located by survey. The evidence preponderates to locate the dividing line as claimed by defendant, and is therefore insufficient to support the conviction. The rule which applies in theft cases is held to apply to the facts of this case, viz.: "Where goods are taken under a claim of right, if the prisoner appears to have had any fair color of title, or if the title of the prosecutor be brought into any doubt at all, the court should direct an acquittal." Such disputes should not be settled in the form of a criminal proceeding.

APPEAL from the County Court of Comanche. Tried below before Hon. C. E. Williamson, County Judge.

The opinion states the case. The penalty assessed against the appellant was a fine of $25.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a conviction under article 495*b* of the Penal Code. The charge in the information was that defendant "did unlawfully, and by threatening words and acts of violence and intimidation, prevent J. Conoway from moving and rebuilding a fence, the property of the said J. Conoway. and situated on the land of said J. Conoway," etc.

From the evidence it appears that the defendant and Conoway were the owners of adjacent tracts of land and that there was a dispute as to the division line between the two tracts. Defendant refused to permit Conoway to move and reset a fence until the division line had been surveyed and established by competent surveyors, and this is in fact the gist and substance of the whole matter. Conoway's right to the line claimed by him was not only doubtful, but the preponderance of the evidence is that the line is not where he claimed it ran, but was in fact as claimed by the defendant.

If necessary to go to law the case is one which should be settled in the civil tribunals. The same rule should apply to the facts here exhibited as applies in certain theft cases, to the effect that "when goods are taken under a claim of right, if the prisoner appears to have had any fair color of title, *or if the title of the prosecution be brought into doubt at all,* the court will direct an acquittal, it being improper to settle such disputes in a form of process affecting men's lives and liberties or reputation." Evans v. The State, 15 Texas Ct. App., 31; Harris v. The State, 17 Texas Ct. App., 177.

Judgment is reversed and the cause is remanded for insufficiency of the evidence.

*Reversed and remanded.*

Judges all present and concurring.